IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARCIA FISCHER,<br><br>   Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>   Defendant and<br>   Third-Party Plaintiff,<br><br>vs.<br><br>MARK EIBEN,<br><br>   Third-Party Defendant. | Case No. 3:18-cv-00226-JMK<br><br>**ORDER GRANTING STIPULATION AND MOTION TO VACATE JUDGMENT** |

  At Docket 147, the Parties filed a Stipulation for Dismissal with Prejudice of all claims, with each side to bear their own costs and attorney's fees and with Plaintiff Marcia Fischer to satisfy the Medicare lien (the "Stipulation"). Along with settling the pending post-trial motions at Docket 133 and 139, the Stipulation asks this Court to vacate the Judgment in favor of Ms. Fischer at Docket 138.

  The Court construes the Stipulation as including an unopposed motion for vacatur under Federal Rule of Civil Procedure 60(b). Rule 60(b)(6) allows the Court to

relieve a party from a final judgment "on a motion and just terms" for "any other reason that justifies relief" beyond those identified in Rule 60(b)(1)–(5). This provision "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,"[1] and, as such, motions pursuant to Rule 60(b) "are addressed to the sound discretion of the district court."[2] Here, the Court finds just reasons to vacate the Judgment. First, and most importantly, the Parties have been litigating issues that would affect the Judgment, including how to apportion fees and damages.[3] The Parties understood the Court would rule on the pending motions and chose the certainty of settlement. Given the strong judicial policy that favors settlement, the Court finds justice will be served by vacating the Judgment pursuant to the Parties' agreement.[4] Additionally, vacatur furthers judicial economy by reducing future litigation and settling any remaining issues surrounding Third-Party Defendant Mark Eiben.[5]

Having found that the posture of this case, pending issues, and the Parties' settlement justifies vacatur, the Court GRANTS the Stipulation at Docket 147. The Judgment at Docket 138 is VACATED. The Court GRANTS the Stipulation as it relates to the pending motions at Docket 133 and 139, and those motions are DENIED AS MOOT. The Clerk of Courts is kindly directed to close this case.

---

[1] *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949).
[2] *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1099 (9th Cir. 2008).
[3] *See* Docket 133 (motion for attorney's fees); Docket 138 (motion to apportion damages, fees, and costs).
[4] *See In re Syncor*, 516 F.3d at 1101 (vacating judgment when parties had entered a binding settlement agreement).
[5] *See Stryker Spine, a Div. of Howmedica Osteonics Corp. v. Spine Grp. of Wisconsin, LLC*, 320 F. Supp. 3d 985, 991 (E.D. Wis. 2018) (vacating judgment pursuant to settlement agreement furthered public interest in judicial economy).

*Fischer v. Home Depot U.S.A., Inc.*     Case No. 3:18-cv-00226-JMK
Order Granting Stipulation and Motion to Vacate Judgment     Page 2
Case 3:18-cv-00226-JMK    Document 148    Filed 01/17/23    Page 2 of 3

DATED this 17th day of January, 2023, at Anchorage, Alaska.

                                                    */s/ Joshua M. Kindred*
                                                   JOSHUA M. KINDRED
                                                  United States District Judge

*Fischer v. Home Depot U.S.A., Inc.*     Case No. 3:18-cv-00226-JMK
Order Granting Stipulation and Motion to Vacate Judgment     Page 3
Case 3:18-cv-00226-JMK    Document 148    Filed 01/17/23    Page 3 of 3